Dwight, J.
The action was against principal and surety on a bond in the penalty of $2,000, conditioned for the payment by the principal of indebtedness thereafter to be incurred by him to the plaintiff. The surety only made defense. The dealings between the parties were in sewing-machines, sold by ■the plaintiff to Frank Fargo, the principal in the bond, for which he paid, sometimes in money, and sometimes by turning out the notes which he received from his customers, indorsed by him. In cases where these notes were not paid they were returned to Frank Fargo, and charged over to him in the .account. Each of these notes contained the provision that the machine for which it was given in payment should remain the property of the payee or bearer until the note was paid. These dealings had gone on for several years ¡before the date of the bond, and at that date Frank Fargo was indebted to.the plaintiff in upwards of $2,000. The bond was originally drawn to cover, in terms, “every indebtedness or liability now existing, or which may hereafter >in any manner exist, or be incurredbut it was changed before execution, by ■striking out the words, “now existing, or,” so that, as the plaintiff now concedes, and as the referee concludes in his opinion, it covered only indebtedness ■to be incurred subsequent to its date. The bond was executed April 5,1884, and at that date a new account was opened by the plaintiff with the principal, .and thenceforward two accounts were kept down to July, 1885, when the old account was closed, and a small credit balance was carried to the new account. In the mean time, viz., until the old account was fully paid, all payments and remittances of money and notes were credited by the plaintiff in ■the old account; and this was done with the knowledge and without objection on the part of the principal debtor. The refereé finds, and the proof shows, that during all this time monthly statements were rendered to the principal debtor, showing the state of both accounts, and the application of the payments, as they were made, by the plaintiffs. The referee finds an indebtedness on the new account, which accrued after the execution of the bond, largely in excess of the penalty of the bond, and finds for the plaintiff for the amount .of the penalty, with interest. Several questions are discussed by counsel for .the appellant, but, we think, none of them are really presented by the record before us, except that of the application of payments, and one or two questions *495 which are raised by exceptions to rulings on the admission of evidence. There was no motion for a nonsuit; no request to find upon any question of fact or law; no exception to any finding of fact, which might raise the question whether such finding was without any evidence tending to sustain it. Code •Civil Proc. §§ 992, 993. The only exceptions to the decision of the referee .areas follows: To the findings of the referee, as conclusions of law: “(1) That the bond of Allen Fargo covers any part of such indebtedness of Frank Fargo as was incurred before its execution; (2) that the payments made by Frank Fargo might be applied by the plaintiff to any part of the old account; (3) that the account stated between the plaintiff and Frank Fargo, or the acceptance by him of the monthly statements of account sent himfiby the plaintiff, was binding upon the surety, Allen Fargo.” The attorney for the appellant adds to the exceptions above quoted a statement of what he “claims that the referee should have found as conclusions of law,” which might properly have been embraced in requests to find, but can have no effect as exceptions to the findings actually made.
Ho one of the matters excepted to as conclusions of law, as above stated, is ■expressly or specifically found by the referee. His only conclusion of law is that the plaintiffs are entitled to recover the full amount of the penalty of the bond, with interest. But from the abstract or summary of the two accounts as given in the findings of fact, and from the computation by which the amount due on the ne.w account is arrived at, it appears that the referee did hold that the amount of certain notes, which have been turned out to the plaintiffs and credited to Frank Fargo before the execution of the bond, and which were returned to .the latter and charged to him after that date, were properly included in the new account, and in the indebtedness covered by the bond. In this particular the referee was probably wrong. He gives to the transaction which changed the contingent liability of Frank Fargo, as indor■ser, to a fixed liability for the amount of the notes, the effect of creating a new indebtedness within the terms of the bond. We think, rather, that the return of the notes had the effect to cancel so much of the credit previously given to the debtor on his merchandise account, and instead of creating a new indebtedness simply revived so much of the old. But, however this may be, it is of no moment in this case, because, if the amount of the notes in question be deducted from the debit side of the new account, there is still left a •considerable excess over the penalty of the bond.
The second exception (above) is the one which presents the question of the .application of payments. The referee, though not in terms, does, in effect, hold that the payments made by the principal debtor were, in the absence of any direction by him to the contrary, and especially with his tacit consent thereto, applicable by the creditor to the payment of the indebtedness due at ■the time of the execution of the bond. Such is the well-known rule in respect -to the application of payments, as between debtor and creditor, and we see nothing in this case to take it out of the rule. See Hunger, Paym. 102, and ■cases cited. The fact that the plaintiff liad security for the new indebtedness, ¿ind not for the old, was a good reason why it should elect to make such application; and there was nothing in the contract of suretyship which required ■the creditor to consult the interest of the surety rather than its own.
The third exception (above) relates to the effect, as against the surety, of the statements of the account between the creditor and the principal debtor. The exception is of no pertinency in the form in which it was taken, because the referee had made no finding which could give occasion for it. He had not ■held in any manner that the account stated determined the amount of indebtedness as against the surety, but he had received evidence of those statements ■only to show what application of payments had in fact been made by the creditor, and the consent of the principal debtor to such application; and for this purpose the evidence was admissible.
*496 The only remaining exception was one taken on the trial to a ruling of the-referee sustaining the plaintiff’s objection to a question, and an offer of evidence on the part of the defendant. The question was put to Frank Fargo: “Will you state how it happened that some words were stricken out of the-printed form of the bond?" The question being objected to, the defendant offered to show, in substance, that the surety required those words to be-stricken out, and stated that he would not become liable for any pre-existing debt; and that the agent of the plaintiff was asked the question what the company would do with the old account, to which he replied that the company would take its chances on that. Counsel for the defendant stated: “I offer this (1) to explain any ambiguity that may be supposed to exist in the bond;. (2) if there is any fraud at the bottom of it, to show that the signature of Allen Fargo was fraudulently obtained.” The offer was objected to, and the referee sustained the objections both to the question and to the offer. The ruling was doubtless correct. There was no ambiguity in the bond. The change in its terms was made before execution, as required by the defendant, and it has received the construction for whicli he has contended. There was-no allegation of fraud in the answer, and the evidence offered did not tend to-establish fraud, if any hail been alleged. The object probably was to bring evidence into the case tending to show that the understanding of the parties was that payments made by the principal debtor after the execution of the-bond would apply upon the new indebtedness incurred after the same time; but the offer did not go far enough for that purpose, and, if it had done so,, the evidence would have been properly rejected, as tending to contradict or vary the terms of awritten instrument. No other of the questions suggested by the brief of counsel seems to be presented by the record before us. The-judgment must be affirmed. All concur. So ordered.